## In re ESTATE OF Frances V. RICHARD.

Supreme Judicial Court of Maine.

Argued March 20, 1989.
Decided April 5, 1989.

Morris D. Rubin (orally), Bangor, for plaintiff.

John A. Churchill (orally), Brown, Tibbetts, Churchill & Lacasse, Calais, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Justice.

Moses Neptune appeals from an order of the Washington County Probate Court (*Boardman, J.*) admitting to probate a copy of the last will and testament of Frances V. Richard, Moses's mother. Neptune argues on appeal that the probate judge erroneously failed to apply the presumption of revocation regarding lost wills. We disagree and affirm the order of the probate judge.

Following a hearing on September 1, 1988, the court granted the petition of Elizabeth Neptune Martin, daughter of Moses Neptune and decedent's granddaughter, for formal probate of a document dated August 13, 1980 that purported to be a copy of decedent's last will and testament. The alleged will named Elizabeth as sole beneficiary. Shortly thereafter, Neptune moved for findings of fact and conclusions of law in accordance with M.R.Civ.P. 52.

In the findings of fact, the probate judge stated that in reaching his decision he re-

lied on testimony indicating that decedent prepared an original will plus a fully conformed copy, that decedent had informed various individuals that she had made a will leaving everything to her granddaughter, and that decedent and her granddaughter were very close. The probate judge also relied on testimony indicating that decedent kept all her valuable documents in a brown handbag, that she told witnesses that she had her will with her several days before her death, that the handbag was on her bed when she died, that several persons had access to the brown handbag after she died, that various individuals searched for the will to no avail, and that she had not indicated to anyone that she had destroyed her will. The probate judge found that decedent had made a last will and testament, that she had the original in her possession at the time of her death and that her attorney's office had retained a fully conformed copy of her will. He concluded also that the original last will and testament continued in existence until decedent's death but had since been lost. The probate judge stated that "the testimony was clear on all the required points" and allowed the copy in place of the original "to carry out the will (wishes and desires) of the deceased."

"The existence of a last will must be proved by evidence clear, strong, satisfactory and convincing." *Lord's Appeal*, 106 Me. 51, 56, 75 A. 286 (1909). We have previously explained that a heightened standard of review applies when the burden of proof is clear and convincing evidence:

> We prefer a definition of 'clear and convincing evidence' that allows meaningful appellate review of the lower court's findings. Under the intermediate standard of proof we can address the question whether the factfinder could reasonably have been persuaded that the required factual finding was or was not proved to be highly probable.

*Taylor v. Commissioner of Mental Health*, 481 A.2d 139, 153 (Me.1984). ■ The Maine Probate Code provides that a will is revoked, *inter alia*, by "being burned, torn, cancelled, obliterated, or de-

stroyed, with the intent and for the purpose of revoking it by the testator or by another person in his presence and by his direction." 18–A M.R.S.A. § 2–507 (1981). Pre-code case law establishes that "[w]hen a will is left in the charge of the testator, and is not found, or is found torn or obliterated, the presumption is, that the tearing or obliteration was with the intent to cancel. These acts, if done by the testator, imply an intent to revoke what before it was his intent to establish." *Collagan v. Burns*, 57 Me. 449, 455 (1867). The presumption of revocation may be rebutted. *Id.* at 457. "Revocation is a question of intention, and the acts and declarations of the maker of the will are admissible for the purpose of ascertaining whether it was revoked." *Id.* at 459–60. Neptune argues that the probate judge erroneously failed to apply the presumption of revocation in the present case. He bases his argument on the fact that the probate judge stated that "[t]here was no evidence acceptable to the Court to indicate the will had been intentionally destroyed or rendered void by the deceased up to the time of her death." The probate judge explicitly found, however, that decedent's original will continued to exist until the time of her death. Moreover, we conclude that based on the evidence in the record the probate judge could reasonably have been persuaded that this finding was highly probable. In the present case, the finding that the will was lost after death, serves to rebut the presumption of revocation.

The entry is:

Judgment affirmed.

All concurring.